UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $19,126 IN UNITED STATES CURRENCY,<br>APPROXIMATELY $17,000 IN UNITED STATES CURRENCY,<br>APPROXIMATELY $2,900 IN UNITED STATES CURRENCY, and<br>SILVER 2014 DODGE CHARGER , VIN 2C3CDXCT2EH117330,<br><br>　　　　　Defendants. | Case No. 16-CV-06645-LHK<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO THE VEHICLE**<br><br>Re: Dkt. No. 27 |

Plaintiff United States of America ("Plaintiff") filed a complaint for forfeiture against

Defendants Approximately $19,126 in United States Currency (the "$19,126"), Approximately

$17,000 in United States Currency (the "$17,000"), Approximately $2,900 in United States

Currency (the "$2,900"), and a Silver 2014 Dodge Charger, VIN 2C3CDXCT2EH117330 (the

"Vehicle") (collectively, "Defendant Properties"). Before the Court is Plaintiff's Motion for Entry

of Default Judgment as to the Vehicle. ECF No. 27 ("Mot."). Pursuant to Civil Local Rule 7-

1

Case No. 16-CV-06645-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT
AS TO THE VEHICLE

United States District Court
Northern District of California

1(b), the Court finds this matter appropriate for resolution without oral argument and vacates the hearing scheduled for May 25, 2017. Having considered Plaintiff's briefing, the relevant law, and the record in this case, the Court DENIES without prejudice Plaintiff's Motion for Entry of Default Judgment as to the Vehicle.

Federal Rule of Civil Procedure 55(b)(2) permits a court to enter a final judgment in a case following a defendant's default. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). The decision to enter a default judgment lies within the court's discretion. *Id.* at 999 (citing *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986)). Plaintiff has the burden of establishing that default judgment is warranted. *See United States v. A Real Prop. Located in Los Angeles (Babicheva)*, 2013 WL 12075981, at *6 (C.D. Cal. Oct. 7, 2013) (placing burden of establishing the availability of default judgment on Plaintiff); *Lucasfilm, Ltd. v. Canal Toys*, 2012 WL 685415, at *2 (N.D. Cal. Mar. 2, 2012) (same).

Before assessing the merits of a default judgment, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over the parties, as well as ensure the adequacy of service on the defendant. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("[A] district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."). If the court finds these elements satisfied, it turns to the following factors ("the *Eitel* factors") to determine whether it should grant a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (citation omitted). In this analysis, "the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)). Nevertheless, default does not compensate for essential facts not within the pleadings and those legally insufficient to prove a

claim. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("[C]laims which are legally insufficient[] are not established by default.").

In addition, forfeiture proceedings are governed by the procedural rules found in Section C and G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *See* Fed. R. Supp. C, G. The Northern District of California's Admiralty and Maritime Local Rules 6-1, 6-2, and 6-3 provide additional procedural requirements regarding forfeiture actions. Strict adherence to these procedural rules is "paramount in forfeiture proceedings." *United States v. Marlof*, 173 F.3d 1213, 1217 (9th Cir.1999) (citation omitted).

In the instant case, default against the Vehicle was entered on February 1, 2017. ECF No. 26. However, Plaintiff has failed to satisfy its burden of demonstrating that a default judgment is warranted. Plaintiff's motion addresses solely the notice requirements in forfeiture proceedings under the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and the Admiralty and Maritime Local Rules, but fails to address any other issue that is relevant to granting default judgment. Plaintiff should explicitly address jurisdiction and the *Eitel* factors, including whether or not Plaintiff has alleged sufficient facts to establish that the Vehicle is subject to forfeiture.

Accordingly, the Court DENIES without prejudice Plaintiff's Motion for Entry of Default Judgment as to the Vehicle. Any subsequent motion must address the above-identified deficiencies in the instant motion. If Plaintiff still seeks forfeiture of the Vehicle, Plaintiff shall file a renewed motion for default judgment within fourteen (14) days of this order.

**IT IS SO ORDERED.**

Dated: May 19, 2017

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge